### Grossfeld & Roe Co., Appellant, v. Benny Marks and Isaac Marks, Appellees.

### Gen. No. 14,775.

INSTRUCTIONS—*when error to give peremptory.* It is error peremptorily to instruct in favor of the defendant if there is evidence tending to support the plaintiff's action.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed December 21, 1909.

GROSSBERG & KOMPEL, for appellant.

LEVY & LEVY, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court in an action brought by Grossfeld & Roe Co., a corporation, against Benny Marks entered on a directed verdict for the defendant.

The record shows that the plaintiff below, Grossfeld & Roe Co., was engaged in the wholesale grocery business. The action was brought against the defendants, Benny Marks and Isaac Marks, for a bill of goods sold by the plaintiff company in 1901 to a concern known as Marks Brothers, which the plaintiff claims was a partnership consisting of Benjamin Marks, Abraham

Marks and Isaac Marks. Benny Marks, a son of Isaac Marks, was made defendant as a member of the co-partnership, or because he had assumed and agreed to pay the debt of Marks Brothers to plaintiff. Subsequently Isaac Marks was dismissed out of the case, leaving Benny Marks, appellee, the sole defendant. Abraham Marks and Isaac Marks had filed a petition in bankruptcy as a co-partnership under the name of Marks Brothers, and scheduled an indebtedness to Grossfeld & Roe Co. of $50.75, on which a dividend was paid on composition of $7.60. The plaintiff's claim in the case is for the balance left after the payment of the composition of $7.60, and $14.50 interest, or $57.65.

The evidence shows that Roe, vice-president of the plaintiff company, testified that Benny Marks prior to the sale in question exhibited to him a business card with the name of the three Marks printed on it as co-partners, and discussed with him in a friendly way his membership in the firm. The defendant admitted exhibiting such a card, but claimed that it had been printed by mistake, little if any explanation being made as to how the mistake occurred; and further stated that he told the witness Roe of the mistake and Roe advised him to destroy the cards, which he said was done.

It appears from the evidence that after the bankruptcy proceedings, one of the places of business which had been run under the name of Marks Brothers was run under the name of Benny Marks. There is testimony tending to show that before the bankruptcy proceedings Benny Marks was an employe of the firm; and further the evidence on behalf of the plaintiff tended to show that subsequent to the bankruptcy Benny resumed or continued buying of the plaintiff, but the plaintiff only consented to sell him goods on credit upon the express condition that the whole account of Marks Brothers should be paid by him, and that Benny Marks promised to pay it. Upon the

plaintiff resting its case, the court peremptorily, of its own motion, instructed the jury to find the issues for the defendant, and entered judgment on the verdict, from which judgment this appeal is prosecuted.

In our opinion there was evidence tending to support the plaintiff's action, and sufficient to require the court to submit the cause to the jury, under proper instructions.

For the error of the court in peremptorily instructing the jury to find the issues for the defendant, the judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*